UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ESLAM M. MOHAMED**<br><br>**Plaintiff,**<br><br>v.<br><br>**KAYDEN INDUSTRIES (USA), INC.**<br><br>**Defendant.** | **CIVIL ACTION NO. 4:21-cv-695**<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Eslam Mohamed ("Plaintiff" or "Mohamed"), by his counsel, brings this action for discrimination based upon his religion and national origin in violation of Title VII, 42 U.S.C. 2000e, et seq. against Defendant, Kayden Industries (USA), Inc. ("Defendant" or "Kayden") and would respectfully show the Court as follows:

### I.

### PARTIES

1.01    Mohamed is a citizen of the United States and a resident of the State of Texas, who resides at 5712 Broken Spur, McKinney, Texas 75070-6466, and may be reached through the undersigned counsel.

1.02    Defendant Kayden Industries USA, Inc. is a foreign for-profit corporation organized under the laws of Delaware and is authorized to do business in Texas. Kayden's Texas corporate offices are located at 9400 Grogans Mill Road, Suite 305, The Woodlands Texas 77380- 3636, and may be served through its authorized agent for service, Corporation Service Company d/b/a CSC-

Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## II.

## JURISDICTION AND VENUE

2.01   Jurisdiction is conferred on this Court by 28 U.S.C. §1331, and pendent and supplemental jurisdiction of the common law claims.

2.02   Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. § 1331.  Plaintiff's EEOC charge was filed on August 22, 2019 and pursued in the Dallas District Office of the EEOC.  A copy of Plaintiff's EEOC charge is attached hereto as **Exhibit A**.

2.03   On or about August 26, 2020, the EEOC issued a determination and found that there was reasonable cause to believe that Plaintiff was subjected to harassment because of his actual or perceived national origin and or religion and was thereafter demoted and terminated in retaliation for reporting that discrimination in violation of Title VII. A copy of the EEOC's determination is attached hereto as **Exhibit B**.

2.04   On July 14, 2021,  the EEOC issued a Notice of Right to Sue.  A copy of the EEOC's Notice of Right to Sue is attached hereto as **Exhibit C.**   Plaintiff filed the instant complaint within 90 days of his receipt thereof.

## III.

## FACTUAL ALLEGATIONS

3.01   Plaintiff  worked for Kayden from November 23, 2018 until his summary termination on July 23, 2019.

3.02   Plaintiff's nationality is Egyptian. Plaintiff is also a follower of the Muslim faith.

3.03     Plaintiff was originally hired as a Field Technician and worked at the Defendant's job site in Midland, Texas.  Plaintiff was then promoted to "Interim Supervisor" on April 11, 2019.

3.04     During this time,  Plaintiff endured repeated harassing comments that directly related to his nationality and religion. Plaintiff was repeatedly called "Boom Boom", which was a reference to suicide bombers.

3.05     When Plaintiff was rotated as a supervisor, the crew's previous supervisor told the crew members that they should call Plaintiff  "Boom Boom".  There are also text messages showing that Plaintiff was subjected to several other discriminatory comments from his coworkers because of his actual or perceived national origin and/or religion.

3.06     Plaintiff had complained of this harassment several times to his immediate supervisor, Chris Lee.  On June 19, 2019, Plaintiff tendered his resignation because the hostile work environment was only worsening.

3.07     When Defendant' General Manager Matt Rich ("Rich") heard that Plaintiff was resigning, Rich offered Plaintiff a salary increase and a new position at Defendant's job site in Seattle, Washington.  Thinking that this would be a new environment with a different crew, Plaintiff accepted the new position.

3.08     Defendant's offer to relocate the Plaintiff to the Seattle job site was in recognition of Plaintiff's solid work performance record.

3.09     In reliance on Defendant's assurances, Plaintiff flew to Seattle, Washington on July 23, 2019 and reported to work the next day on July 24, 2019.

3.10.    On July 27, Defendant terminated Plaintiff's employment and did not provide Plaintiff with any reason for his termination.

3.11    On July 27, 2019, Plaintiff flew back to Texas where he applied for unemployment benefits. Defendant challenged Plaintiff's application by claiming that Plaintiff was terminated for cause and in support thereof, Defendant stated the following:

a.    Plaintiff was wearing sneakers instead of hard tow work boots. This is false. Plaintiff arrived to the work site wearing the correct work boots.

b.    Plaintiff did not hurry with the rest of the crew to take a quick lunch break on the day when a crane was arriving at the job site. This is also false. Plaintiff went to lunch with a co-worker. They both got their lunch "to go" and were back on the job site in plenty of time for the arrival of the crane.

c.    Plaintiff did not have a hard hat on the work site. This is false. When Plaintiff first arrived at the job site, he did not know what equipment he would need. When he was told that he had to have a hard hat, Plaintiff promptly obtained a hard hat the same day with the assistance of a co-worker.

d.    Plaintiff took excessive breaks during which time he would use his cell phone. This is false. Plaintiff furnished phone records to the unemployment board demonstrating that he neither made excessive calls or personal calls to the degree claimed by Defendant. Plaintiff had not been given a schedule, but knew not to make phone calls while on the job, so he limited calls to when he was on breaks. Plaintiff also used his phone for business purposes. In fact on one occasion he received an inquiry for a job position and promptly directed the individual to HR.

3.12    Defendant's stated reasons for Plaintiff's termination were first raised after Plaintiff applied for unemployment benefits. Defendant did not furnish any of these reasons to the Plaintiff at the time of his termination.

3.13    Defendant's HR division did not contact Plaintiff to obtain his side of the story, nor did HR return Plaintiff's calls when Plaintiff tried to inquire as to the reasons for his separation.

3.14    Plaintiff was also subjected to racist comments about his national origin in Seattle. On the first day of his work at the new assignment, his supervisor ,"Jeremy", asked Plaintiff where he was from. When Plaintiff told him that he was from Egypt, Jeremy asked Plaintiff why wasn't he working there instead of Seattle.

3.15    Plaintiff successfully obtained unemployment benefits since it was determined that he had not been terminated for good cause. Defendant attempted to appeal the ruling by the Texas workforce Commission but then withdrew its appeal shortly before the hearing date.

3.16    On August 22, 2019, Plaintiff filed a charge of discrimination and retaliation before the EEOC and the Texas workforce Commission.

3.17    On August 26, 2020, after conducting an investigation into Plaintiffs charge of discrimination , the EEOC entered a Determination finding that there was reason to believe that the Defendant had violated Title VII by subjecting Plaintiff to harassment because of his actual or perceived national origin and religion and thereafter demoted and subsequently fired him in retaliation for reporting the harassment and discrimination.

**IV**.

**FIRST COUNT**

**NATIONAL ORIGIN AND RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. 2000e,** *et seq.* **AND CHAPTER 21 OF THE TEXAS LAOR CODE**

4.01    The foregoing paragraphs are incorporated in this Count as fully as if set forth at length herein.

4.02    Plaintiff is an employee within the meaning of Title VII   42 U.S.C. '2000e.

4.03    Defendant is an employer within the meaning of Title VII.  42 U.S.C. '2000e(b).

4.04    All conditions precedent to filing this action for discrimination under Federal Law have been met.  Plaintiff timely filed his charge of discrimination on the basis of race and national

origin with the EEOC, and the EEOC has, within ninety (90) days of filing this lawsuit, issued a Notice of Right to Sue to Plaintiff.  (*See,* Exhibit B).

4.05    Defendant has violated Title VII, as amended, by subjecting Plaintiff to a hostile work environment due to his national origin and religion.

4.06    Defendant knowingly allowed this harassment based on Plaintiff's race and national origin and thereafter terminated Plaintiff for no valid reason . Defendant's knowing violations of Title VII have adversely affected Plaintiff's career,  his professional  and personal life.

4.07    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

4.08    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.

## V.

## SECOND COUNT

### RETALIATION IN VIOLATION OF
### TITLE VII, 42 U.S.C. 2000e, *et seq.* AND CHAPTER 21 OF THE TEXAS LAOR CODE

5.01    The foregoing paragraphs are incorporated in this Count as fully as if set forth at length herein.

5.02    Plaintiff is an employee within the meaning of Title VII   42 U.S.C. '2000e.

5.03    Defendant is an employer within the meaning of Title VII.  42 U.S.C. '2000e(b).

5.04    All conditions precedent to filing this action for discrimination under Federal Law have been met. Plaintiff timely filed his  charge of discrimination on the basis of race with the EEOC,

and the EEOC has, within ninety (90) days of filing this lawsuit, issued a Notice of Right to Sue to Plaintiff.  (*See,* Exhibit B).

5.05 Defendant has violated Title VII, as amended, by subjecting Plaintiff to a hostile work environment due to his national origin and religion.

5.06 Defendant knowingly allowed this harassment based on Plaintiff's race and national origin and thereafter terminated Plaintiff for no valid reason.  Defendant's knowing violations of Title VII have adversely affected Plaintiff's career, his professional and personal life.

5.07 Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

5.08 Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.

## VI.

## JURY TRIAL DEMANDED

6.01 Plaintiff demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Prejudgment and post-judgment interest at the maximum legal rate;

(6) All costs of Court;

(7) Attorney's fees; and

(8) Such other and further relief to which Plaintiff may be justly entitled.

Dated: September 7, 2021

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: */s/* Nicholas A. O'Kelly
Nicholas A O'Kelly
State Bar No. 15241235
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEY FOR PLAINTIFF
ESLAM M. MOHAMED**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>460-2019-06011 |
|---|---|---|

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Eslam Mohamed** | Home Phone (Incl. Area Code)<br>**(214) 364-8482** | Date of Birth |
|---|---|---|

Street Address: **5712 Broken Spur, Broken Spur, Mckinney, TX 75070**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**KAYDEN INDUSTRIES** | No. Employees, Members<br>**Unknown** | Phone No. (Include Area Code)<br>**(281) 419-4544** |
|---|---|---|

Street Address: **9400 Grogans Mill Road, The Woodlands, TX 77380**

RECEIVED AUG 22 2019 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DALLAS DISTRICT

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **07-13-2019**   Latest: **07-27-2019**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. PERSONAL HARM:**
On or around July 27, 2019, I was wrongfully terminated after complaining about being subjected to desperate treatment and harassment while being forced to work in a hostile work environment.

**II. RESPONDENT'S REASON FOR ADVERSE ACTION:**
None was given.

**III. DISCRIMINATION STATEMENT:**
I believe that I was discriminated against because of my national origin (Egyptian) and religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 22, 2019
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   8/22/19

EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Dallas District Office

207 S. Houston Street, 3rd Floor<br>
Dallas, TX  75202-4726<br>
Intake Information Group:  (800) 669-4000<br>
Intake Information Group TTY:  (800) 669-6820<br>
Dallas Direct Dial: (972) 918-3580<br>
FAX: (214) 253-2720<br>
Website:   www.eeoc.gov

Dallas District Office
   San Antonio Field Office
     El Paso Area Office

**CHARGE NUMBER: 460-2019-06011**

Eslam Mohamed                                    **CHARGING PARTY**
5712 Broken Spur
McKinney, TX 75070


Kayden Industries (USA), Inc.                    **RESPONDENT**
c/o Derek Rollins, Attorney
Ogletree, Deakins, Nash, Smoak & Stewart
301 Congress Ave., Ste. 1150
Austin, TX 78701
derek.rollins@ogletree.com

## **DETERMINATION**

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended.

All requirements for coverage have been met. Respondent is an employer within the meaning of Title VII, and the timeliness and all other jurisdictional requirements for coverage are satisfied.

Charging Party alleges that he was discriminated against in violation of Title VII when he was subjected to harassment based on his national origin (Egyptian) and/or religion (Muslim) and then demoted and fired after complaining about the harassment to management. Respondent denies that it retaliated against the Charging Party and claims that the Charging Party was fired for misconduct. Respondent also denies that Charging Party complained about harassment while he was employed.

During the investigation, relevant witnesses were interviewed, and documents were reviewed. The evidence shows that the Charging Party's coworkers repeatedly called him "Boom Boom," which was a reference to suicide bombers. When Charging Party was selected for a rotation as interim supervisor, the crew's previous supervisor told the crew members that they could call Charging Party "Boom Boom." Text message evidence shows that Charging Party was subjected to several other discriminatory comments from his coworkers because of his actual or perceived national origin and/or religion. Charging Party complained to his immediate supervisor, but no action was taken to stop the harassment. The evidence shows that when Charging Party elevated

Letter of Determination
EEOC Charge No.: 460-2019-06011
Page 2

his harassment complaint to the next level of management, he was removed from his interim supervisor rotation and transferred to a different division of the company. Less than a week later, he was fired. Respondent claims that the Charging Party was fired because he committed several safety violations following his transfer, but there is no documentary evidence of any of those safety violations despite the Respondent's admission that written warnings are a part of its progressive discipline policy. Furthermore, the managers involved in the decision to terminate Charging Party's employment provided conflicting explanations for that decision.

Based on this evidence, there is reasonable cause to believe that the Charging Party was subjected to harassment because of his actual or perceived national origin and/or religion and was subsequently demoted and fired in retaliation for reporting that discrimination in violation of Title VII.

Upon finding that there is reason to believe that violations of Title VII have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conference, conciliation, and persuasion. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.  The Commission will also consider compensatory and punitive damages under the Civil Rights Act of 1991.

If the Respondent declines to discuss settlement or if for any other reason, a settlement acceptable to the District Director is not obtained, the District Director will inform the parties and advise them of the court enforcement alternatives available to the Charging Party and the Commission.

You are reminded that Federal law prohibits retaliation against persons who exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

Belinda F. McCallister

Digitally signed by Belinda F. McCallister
DN: cn=Belinda F. McCallister, o=Equal Employment Opportunity Commission, ou=Dallas District Office, email=belinda.mccallister@eeoc.gov, c=US
Date: 2020.08.21 09:17:41 -05'00'

_08/26/2020_
Date

Belinda F. McCallister
District Director

Cc:   Nicholas O'Kelly, Attorney
      Kilgore Law
      3109 Carlisle St.
      Dallas, TX 75204
      nao@kilgorelaw.com

**EXHIBIT C**

EEOC Form 161-A (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | **Eslam Mohamed**<br>**5712 Broken Spur**<br>**Mckinney, TX 75070** | From: | **Dallas District Office**<br>**207 S. Houston St.**<br>**3rd Floor**<br>**Dallas, TX 75202** |
|---|---|---|---|

[X] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2019-06011 | **Lucy V. Orta,**<br>**Area Office Director** | **(972) 918-3610** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Belinda F. McCallister**
Digitally signed by Belinda F. McCallister
Date: 2021.07.14 04:58:05 -05'00'

July 14, 2021

Enclosures(s)     **Belinda F. McCallister,**<br>**District Director**     *(Date Issued)*

cc:
**Leslie Ferguson**
**HR Manager**
**KAYDEN INDUSTRIES**
**9400 Grogans Mills Road**
**305**
**The Woodlands, TX 77380**

**Nicholas A. O'Kelly, Esq.**
**KILGORE & KILGORE PLLC**
**3109 Carlisle Street**
**Dallas, TX 75204**

**EXHIBIT C**

Enclosure with EEOC
Form 161-A (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA,  GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*